# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Vernon Pilloff, and Teresa Hinojosa,** | § | |
| **as Guardians of Michelle Pilloff,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **Comal County, Texas,** | § | **SA-11-CV-0985 XR** |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:**   **Honorable Xavier Rodriguez**
        **United States District Judge**

This report and recommendation recommends dismissing this case under

28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted.  Vernon

Pilloff and Teresa Hinojosa seek to file this lawsuit on behalf of plaintiff Michelle Pilloff.

Vernon presented a copy of letters of guardianship appointing him and Teresa as

Michelle's guardian.  Vernon initiated this lawsuit by moving to proceed in forma

pauperis (IFP)[1] and asking the district judge to appoint an attorney.[2]  The district judge

referred the motions to me.  I screened the case under section 1915 and determined that

---

[1]Docket entry # 1.

[2]Docket entry # 2.

this case fails to state a claim upon which relief may be granted.

**Dismissal under 28 U.S.C. § 1915**.  Under 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[3]  This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[4]  Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[5]  Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[6]  Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Nature of the case**.  This case flowed from Michelle's arrest for possession of marijuana.  According to publicly-available information, nineteen-year-old Michelle

---

[3]28 U.S.C. § 1915(e)(2)(B).

[4]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[5]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[6]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

was arrested on August 3, 2010 for possessing less than two ounces of marijuana and released on personal bond. The arrest resulted in a criminal charge in Cause No. 2010-CR-1542. That case is pending in County Court at Law No. 2, Comal County.

Vernon styled this case as a civil rights case. Vernon named Comal County as the defendant. He complained about a deprivation of Michelle's civil rights. Vernon also complained that Comal County failed to establish and enforce required policies under the American with Disabilities Act (ADA). Although Vernon complained about violations of the ADA, his allegations flow from Michelle's criminal charge, not the ADA. Vernon complained that Comal County denied Michelle a medical competency trial, the right to proceed on pretrial motions, and due process. He also complained about delays in Michelle's case.

Vernon complained about another criminal charge in his proposed complaint, but I did not find another Comal County criminal charge. Vernon stated that the other charge flowed from Michelle's arrest for theft of an under-garment. Vernon reported that he sued the police officers involved in that case in Comal County District Court Cause No. 2009–CV-1555. Publicly-available information indicates the defendants are former police officers for the City of New Braunfels and that Vernon's lawsuit has been pending in the 433d Judicial District Court, Comal County, since December 28, 2009.

**Vernon's proposed complaint fails to state a claim upon which relief may be**

**granted**.  Liberally construed, Vernon's proposed complaint seeks dismissal of Michelle's pending criminal charge.  Vernon seeks an evidentiary hearing to review Michelle's criminal cases.  Such relief is not available in a civil rights action.  The Anti-Injunction Act[7] prohibits a federal court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of the court's jurisdiction.[8]  Neither exception applies to this case. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court."[9]

When a state-court criminal defendant challenges his confinement, the defendant's remedy is through a writ of habeas corpus.[10]  Habeas corpus relief is not available until the petitioner exhausts his available state remedies.[11]  Michelle has not exhausted her state remedies because her criminal case has not been adjudicated.  To

---

[7]28 U.S.C. § 2283.

[8]*See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

[9]*Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 ( 1970).

[10]*Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973).

[11]*Dickerson v. Louisiana*, 816 F. 2d 220, 225 (5th Cir. 1987).  To exhaust state court remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals.  *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985).

the extent Vernon seeks dismissal of Michelle's criminal case on speedy-trial grounds,
that claim is unexhausted.  A defendant seeking dismissal of a charging document on
speedy-trial grounds must raise her claim by a petition for writ of mandamus.[12]  The
proposed complaint fails to state a claim upon which relief may be granted.

    **Vernon's litigation history**.  Vernon is no stranger to litigation.  In addition to
the lawsuit against New Braunfels police officers, Vernon has other cases.  In Cause No.
1992-CI-10687, 166th Judicial District, Bexar County, Vernon sued Trans-Texas Interest
Inc. for violations of the Deceptive Trade Practices Act.  That case is closed.  In Cause
No. 2002-CI-14463, 285th Judicial District, Bexar County, Vernon petitioned for
managing conservatorship.  That case was dismissed for want of prosecution.   In Cause
No. C2005-0644B, 207th Judicial District, Comal County, Vernon sued Omar Delacerda,
Marla Stambaugh, and Oliver Stambaugh, and W Inc.  Vernon non-suited the case.  In
Cause No. 1.034C07, Vernon sued Michael A. Doherty in Justice of the Peace Court
No. 1, Comal County.  Vernon non-suited the case.  I also located two cases in which
Vernon was a defendant.

    Vernon's litigation history indicates Vernon may use lawsuits in lieu of other
methods of conflict resolution to pursue perceived injustices.  Because Vernon may not

---

[12]*Smith v. Gohmert*, 962 S.W.2d 590, 592-93(Tex. Crim. App. 1998); *Chapman v. Evans*,
744 S.W.2d 133, 138 (Tex. Crim. App. 1988); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47
(Tex. Crim. App. 1978).

understand his responsibilities as a pro se litigant in federal court, I recommend warning Vernon under Rule 11.

**Recommendation**.  Because Vernon's proposed complaint fails to state a claim upon which relief may be granted, I recommend dismissing this case under section 1915.  If the court accepts this recommendation, the pending motion to proceed IFP (docket entry # 1) and motion for appointment (docket entry # 2) will be moot.

I also recommend warning Vernon Pilloff under Rule 11.[13]  That rule permits the district court to sanction a litigant who violates the rule.  Although this case may be Pilloff's first effort to litigate in federal court,[14] his state-court filings support a Rule 11

---

[13]Fed. R. Civ. P. 11.  The rule provides the following:

> By presenting to the court a pleading, …an …unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims…and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

[14]The US-Party Index includes three cases filed by a Vernon Pilloff in federal court in North Dakota, but I do not know whether the plaintiff in those cases is the same person as in this case.

6

warning.  I recommend directing Pilloff to read Rule 11 and advising Pilloff that the court may sanction a litigant who violates Rule 11.

To the extent either plaintiff may complain about lack of notice that the district judge will consider dismissal on this basis, the plaintiffs should consider this report as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[15]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo*

---

[15]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

determination by the district court.[16]  Additionally, failure to file timely written

objections to the proposed findings, conclusions and recommendations contained in this

report and recommendation shall bar the aggrieved party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court.

      **SIGNED** on November 22, 2011.

                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE

---

[16]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).